# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

RICHARD ALFRED TASKER,

    Plaintiff,

v.

                                      Case No. 5:19-cv-544-TKW-MJF

NORTHWEST FLORIDA RECEPTION
CENTER, et al.,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Richard Tasker has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of Tasker's complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Tasker's abuse of the judicial process in failing to completely and honestly disclose his litigation history.[1]

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background

Tasker, DC# 056609, is an inmate of the Florida Department of Corrections confined at Graceville Correctional Facility in Graceville, Florida. Tasker's complaint names four Defendants: the Northwest Florida Reception Center, Santa Rosa Correctional Institution, Franklin Correctional Institution, and the Florida Department of Corrections. (Doc. 1 at 1-2). Tasker complains that "they" destroyed his "personal wheelchair." (Doc. 1 at 5). Tasker does not allege that this conduct violated the United States Constitution or any federal law. (Doc. 1 at 7). As relief, Tasker seeks the return of his personal wheelchair, his expenses for pursuing this action, and $50,000. (Doc. 1 at 7).

## II. Discussion

### A. Screening for Maliciousness

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which

relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.     Tasker's Disclosures**

In his complaint, Tasker provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 1 at 3-4). On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1 at 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Tasker marked "No," and disclosed no cases. (Doc. 1 at 3).

On the same page of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1 at 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Tasker marked "No," and disclosed no cases. (Doc. 1 at 3).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 4). Where

there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Tasker marked "No," but disclosed three small claims cases (complaints for replevin) he filed in the Leon County court: 2016-SC-1054, 2016-SC-1679, and 2016-SC-1680. (Doc. 1 at 4). Tasker disclosed no other cases.

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 1 at 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Tasker marked "No," and disclosed no cases. (Doc. 1 at 4).

At the end of the civil rights complaint form, Tasker signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1 at 7). Thus, Tasker has in effect stated that at the time he filed his complaint on November 27, 2019, he had not initiated any other action in federal court that (1) related to the conditions of his confinement, or (2) was dismissed as frivolous, malicious, failing to state a claim, or prior to service.

## C. Tasker's Omissions

The court takes judicial notice that at the time Tasker filed his complaint in this case, he had initiated several other civil actions in federal court that he should have disclosed. For the sake of brevity, the court discusses only three cases—Tasker's most recent case and two strikes:

(1) *Tasker v. Washington Corr. Institution*, Case No. 5:18cv155-MCR-GRJ (N.D. Fla. Aug. 17, 2018) (a civil rights action <u>relating to the conditions of his confinement</u> at Washington CI, which was dismissed on August 17, 2018, prior to service, pursuant to Tasker's voluntary dismissal);

(2) *Tasker v. Dep't of Corr., et al.*, Case No. 6:11cv1586-GAP-GJK (M.D. Fla. Oct. 3, 2011) (a civil rights action Tasker filed <u>relating to the conditions of his confinement</u> at Tomoka Correctional Institution, which was <u>dismissed as frivolous</u> on October 3, 2011); and

(3) *Tasker v. Putnam Cty.*, Case No. 3:08cv1023-J-32MCR (M.D. Fla. Dec. 3, 2008) (a civil action Tasker filed <u>relating to the conditions of his confinement</u> at the Putnam County Jail, which was <u>dismissed for failure to state a claim upon which relief may be granted</u>).

All of the foregoing cases may be identified as Tasker's, because they bear his Department of Corrections inmate number 056609. Tasker did not disclose any of these cases (or any federal case) in his complaint. Plaintiff's omissions, therefore, violated his duty of candor to this court.

## D. The Materiality of Tasker's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that

district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Tasker falsely responded to questions on the complaint form as detailed above. Tasker knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1 at 3). A penalty is warranted both to deter the Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related

complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Tasker's false responses to go unpunished. If Tasker suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Tasker's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at

819. A mere admonition also would not deter the Plaintiff or others. Furthermore, dismissal without prejudice would serve as a warning to the Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, it is **ORDERED**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the limited purpose of dismissing this action.

The undersigned also respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City, Florida, this <u>9th</u> day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, including the fact that the magistrate judge took judicial notice of court documents, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.